**WASIL v. KNOLL, Executive Director of Public Assistance.**

No. 105.

District Court, M. D. Pennsylvania.
May 18, 1939.

Albert H. Aston, of Wilkes Barre, Pa., for plaintiff.

Anthony F. X. D'Iorio, of Pittston, Pa., for defendant.

JOHNSON, District Judge.

This is a motion to dismiss an order temporarily restraining defendant from giving certain information to the U. S. Works Progress Administration. The essential facts alleged in the complaint upon which the order was issued are as follows:

The plaintiff is employed on a United States Works Progress Administration sewing project at Wilkes Barre, Pennsylvania. The defendant is the Executive Director of Luzerne County for the Penn-sylvania Department of Public Assistance. The plaintiff alleges that the defendant has instructed her employees to notify the Luzerne County Works Progress Administration Authorities that the plaintiff is a mother of dependent children under 16 years of age which notice will result in the immediate dismissal of plaintiff from the project upon which she is now employed.

It is contended by the plaintiff that the sending of this notice is a violation of the Federal Emergency Relief Appropriation Act of 1938, 15 U.S.C.A. §§ 721–728 note, as amended by Public Resolution No. 1, 76 Congress, approved February 4, 1939, 53 Stat. 507, § 1, 15 U.S.C.A. §§ 721–728 note, which provides, inter alia: "That no requirement of eligibility for employment under such Emergency Relief Appropriation Act of 1938, as amended, shall be effective which prohibits the employment of persons 65 years of age or over or women with dependent children."

It is also contended by the plaintiff that immediate and irreparable injury, loss and damage will result to her, and to other persons in the same class as plaintiff, whom plaintiff represents in this action, by reason of the notice which the defendant has instructed her employees to send.

On the above facts, a temporary restraining order was granted prohibiting the defendant from sending the notice. On the return day of the order the defendant moved to dismiss the bill and vacate the restraining order, urging in substance that the notice does not violate the Emergency Relief Appropriation Act, that no injury, loss or damage will result to plaintiff if the notice is sent, and that the court has no jurisdiction.

It was admitted at the oral argument that the notices in question are public assistance forms 600 and 602. These forms are filled out by the Pennsylvania Department of Public Assistance at the request of the Works Progress Administration, and their purpose is to provide the latter with information regarding every employable under the jurisdiction of the Department of Public Assistance. This information is supplied in accordance with Section 4(d) of the Act of June 24, 1937, P. L. 2051, 62 P.S. § 2504(d), which provides that the Pennsylvania Department of Public Assistance shall: "* * * make such reports, in such form and containing such information as the Social Security Board of the United States Government,

or any other agency of the United States may, from time to time, require, and to comply with such provisions as such board or agency may, from time to time, find necessary to insure the correctness and verification of such reports."

The Federal Emergency Relief Appropriation Act provides that, with the consent of the State, the Works Progress Administration is to accept and utilize reports and information supplied by the local authorities.

The Pennsylvania Department of Public Assistance is merely authorized under these acts to co-operate with, and to supply reports and information, such as the notices in question, to the Works Progress Administration. There is no provision in the foregoing acts which gives the defendant any authority to fix the requirements for eligibility for work relief. These requirements are exclusively within the jurisdiction of the United States Works Progress Administration, a governmental unit of the United States over which the State of Pennsylvania has no authority. United States v. Owlett et al., D.C., 15 F.Supp. 736.

To be entitled to the relief prayed for, plaintiff must show that the defendant has prohibited, or threatened to prohibit, her employment by the Works Progress Administration solely for the reason that she is a mother with dependent children. Under the statutes and authority cited above, it is clear that the defendant has no power to prohibit plaintiff's employment by the Works Progress Administration, or to prescribe the requirements for eligibility for employment under the Emergency Relief Appropriation Act of 1938, as amended. This authority rests exclusively with the Federal Government. Furthermore, the notice complained of is specifically authorized under Section 4(d) of the Act of 1937, P.L. 2051.

In order to conclude that irreparable injury will result to the plaintiff through the sending of the notice, it is necessary to assume that when the Works Progress Administration is notified that plaintiff is a mother with dependent children, she will be immediately dismissed solely for this reason. Such an assumption is not justified, and even if it were, this action should be brought against the Works Progress Administration, and not against the defendant.

In short, the plaintiff has failed to allege sufficient facts to show that the defendant has violated, or threatened to violate, any of her rights, or that any injury will result through the sending of the notice. In view of this, it is unnecessary to discuss any of the other questions raised by the defendant.

It is ordered that the complaint filed in the above entitled case be and it hereby is dismissed, and the temporary restraining order which was filed on March 3, 1939, be and hereby is vacated.